UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-22491 SCOLA/GOODMAN

CLAUDIA FARRAT,

    Plaintiff,

v.

MARTIN O'MALLEY,
Commissioner of Social Security,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON**
**PLAINTIFF'S *UNOPPOSED* MOTION FOR ATTORNEYS' FEES**

Plaintiff Claudia Farrat ("Plaintiff") filed an Unopposed Motion for Attorneys' Fees requesting the Court award her fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 26 (the "Motion")]. Plaintiff requests an attorneys' fees award of $7,808.50 and a costs award of $402.00 from Defendant Martin O'Malley,[1] Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). *Id*.

---

[1]     Plaintiff's suit was brought against Kilolo Kijakazi, the Acting Commissioner at the time of filing. Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley should be substituted for Kilolo Kijakazi as the suit's Defendant.

The EAJA gives the Court discretion to require a defendant to pay a plaintiff's attorneys' fees and costs when the plaintiff is the prevailing party. 28 U.S.C. § 2412(a). "Pursuant to the Clerks directive of this cause, this matter is referred to the [Undersigned] for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." [ECF No. 2].

Upon review of the Motion and the record, the Undersigned finds that most of the requested fees and the requested cost are reasonable. As such, I **respectfully recommend** that the District Court **grant** the Motion **in part**, contingent upon a determination by the Commissioner that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

**I.      Background**

Plaintiff filed this action contesting Defendant's denial of her claim for Social Security benefits. [ECF Nos. 1; 26, p. 1]. The parties filed cross-motions for summary judgment. [ECF Nos. 15; 20].

Upon review of both motions and the Undersigned's Report and Recommendations [ECF No. 23], Senior United States District Judge Robert N. Scola, Jr. denied Defendant's motion and granted Plaintiff's motion. [ECF No. 24].

Thereafter, Plaintiff filed the instant Motion pursuant to the EAJA. [ECF No. 26].

## II. Legal Standards and Analysis

### a. Entitlement to Attorneys' Fees and Costs

A prevailing party is not ordinarily entitled to recover attorneys' fees and costs from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs." 28 U.S.C. § 2412(d)(1)(A).

The EAJA empowers a court to determine whether "the prevailing party . . . is entitled to reasonable attorney's fees and costs incurred as a result of [the] action[.]" *Porter v. Saul*, No. 18-CV-60210, 2020 WL 5126447, at *1 (S.D. Fla. July 28, 2020), *report and recommendation adopted*, No. 18-cv-60210, 2020 WL 5114518 (S.D. Fla. Aug. 31, 2020). A court may award the prevailing plaintiff attorneys' fees and expenses unless the Commissioner can show "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, Plaintiff prevailed under the EAJA because her motion for summary judgment was granted. [ECF No. 24]. Further, Defendant does not dispute[2] Plaintiff's

---

[2] As noted above, Plaintiff's motion is unopposed. In the certificate of conferral, Plaintiff states that she "has conferred with counsel for the Defendant and is authorized to represent that he does not oppose the entry of an order granting this motion." [ECF No. 26, p. 14]. Additionally, Defendant did not file a response contesting Plaintiff's Motion (and the time to do so has passed).

3

request for attorneys' fees and costs. Thus, Plaintiff is entitled to attorneys' fees and costs under the EAJA.

### b. Attorneys' Fees

When considering attorneys' fees, the Court is obligated to assess whether "the hours expended and hourly rate requested by [a] [p]laintiff [is] reasonable in th[e] case." *Morrison v. Astrue*, No. 08-80886-CIV, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010) (examining whether a plaintiff's requested rates were reasonable and whether "the reported hours represent[ed] 'excessive, redundant, or otherwise unnecessary work.'" (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988))).

As such, the Undersigned will consider whether the Motion's descriptions of hourly rates and hours expended are reasonable.

### i. Reasonable Hourly Rate

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

4

Here, Plaintiff seeks an hourly rate of $234.95 for all hours worked (2.0) in 2022; an hourly rate of $244.62 for all hours worked (26.4) in 2023; and an hourly rate of $244.62 for all hours worked (3.6) in 2024. [ECF No. 26, p. 2]. The cost-of-living increases for 2022 and 2023 are $234.95 and $244.62, respectively.[3] Therefore, the Undersigned finds the requested hourly rates for 2022 and 2023 to be reasonable. *Watts v. Comm'r of Soc. Sec.*, No. 6:22-CV-2131-DNF, 2024 WL 449636, at *1 (M.D. Fla. Feb. 6, 2024) ("Plaintiff is requesting hourly rates of $234.95 for 2022, and $244.62 for 2023. . . . The Court finds these hourly rates are reasonable.").

Based on the half-year average of data currently available, the cost-of-living increase for 2024 is $250.60. Therefore, the Undersigned finds that the requested rate for 2024 is reasonable because it does not exceed the cost-of-living increase for that year. *See Wilson v. Comm'r of Soc. Sec.*, No. 6:23-cv-7-DCI, 2024 WL 1555372 (M.D. Fla. Apr. 10,

---

[3] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate (155.7) from the Annual Consumer Price Index ("CPI") 2022 (292.655), 2023 (304.702), and 2024 (312.145) (when the work was performed) and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.* (citing *Ingels v. Comm'r of Soc. Sec.*, No. 16-1581, 2018 WL 1832214, at *1 n.3 (M.D. Fla. Apr. 9, 2018), explaining to visit U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (last visited Aug. 2, 2024) and "check box next to 'CPI for All Urban Consumers (CPI-U) 1982-84=100' and click on 'Retrieve data' button, then check the box next to 'include annual averages' and click on 'GO' button").

2024), at *6 n.6 (finding an hourly rate "reasonable because it [did] not exceed the [cost-of-living increase calculated for 2024]").

### ii. Reasonable Hours Expended

Plaintiff asserts that her attorneys, Rogelio R. Oliver and Katherine O. Palacios-Moreno, expended 32 hours on her case [ECF No. 26, p. 2] and supports this contention with her attorneys' billing records. *Id.* at 4, 6–7. The Undersigned has reviewed the hours submitted in the Motion and finds the following instances of impermissible block billing in Attorney Palacios-Moreno's entries from 2023 (because I cannot discern how much time was spent on each activity):

| Date | Description | Hours |
|---|---|---|
| 02/21/23 | Drafting of Plaintiff's fact summary for Motion for Summary Judgment and Memorandum of Law, including review and notes of 643-page transcript, as well as research performed | 4.4 |
| 02/22/23 | Drafting of Plaintiff's fact summary for Motion for Summary Judgment and Memorandum of Law, including review and notes of 643-page transcript, as well as research performed | 9.6 |
| 02/23/23 | Drafting and completion of Plaintiff's fact summary for Motion for Summary Judgment and Memorandum of Law, including review and notes of 643-page transcript, as well as research performed (D.E. 15). | 8.2 |

*Id.* at 6.

"'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored

6

because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *11 (S.D. Fla. July 1, 2008) (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable"). Nonetheless, "[a]s a general proposition block billing is not prohibited so long as the Court can determine from the time entry the services that were performed." *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-CV-355-MCR-GRJ, 2018 WL 4381294, at *6 (N.D. Fla. May 29, 2018), *report and recommendation adopted*, No. 4:08CV355/MCR/GRJ, 2018 WL 6829047 (N.D. Fla. Sept. 28, 2018).

In the instant case, the Undersigned will reduce the block billed entries by 20%[4] because there is no way to determine the amount of time counsel spent on each of the specific tasks mentioned in the block-billed entries. Specifically, Attorney Palacios-Moreno's 2023 records include multiple instances where the tasks of drafting a document, reviewing related notes, and conducting research were grouped within the same entry. However, based on how the entries are written, the Undersigned is unable to determine how much time counsel spent per task that day (*i.e.*, how much time was spent writing,

---

[4] Therefore, in calculating what Plaintiff is entitled to for work completed in 2023, the Undersigned subtracted 4.44 hours (20% of 22.2 hours) from the requested 26.4 hours (totaling 21.96 hours) and multiplied 21.96 by $244.62, totaling $5,371.86.

7

how much time was spent reviewing the transcript, and how much time was spent researching).

Aside from the block billing, the Undersigned finds the remaining time expended by Plaintiff's attorneys to be reasonable. In total, the Undersigned **respectfully recommends** that Plaintiff recover **$6,722.39** in attorneys' fees.[5]

c. **Costs**

Plaintiff also seeks reimbursement for $402.00 in filing fees, and Defendant raises no objections. [ECF No. 26, p. 1]. Although Plaintiff does not support this request with relevant documentation, a review of the docket shows filing fees paid in the amount of $402.00. [ECF No. 1]. *See Jimenez v. Kijakazi*, No. 1:20-cv-25178, 2022 WL 18356254, at *2 (S.D. Fla. Dec. 30, 2022) (recommending that the plaintiff recover filing fee costs when "a review of the docket in [the] case reflect[ed] filing fees paid in the amount of [the requested costs]" and the motion was unopposed), *report and recommendation adopted*, No. 1:20-cv-25178, 2023 WL 199366 (S.D. Fla. Jan. 17, 2023). Moreover, "[f]iling fees are recoverable as a cost under § 1920[.]" *Id.* (citing *Goodman v. Sperduti Enters., Inc.*, No. 08–62096–CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that [the]

---

[5] This figure is comprised of the total reasonable attorneys' fees for work performed in 2022 ($469.90), 2023 ($5,371.86), and 2024 ($880.63) ($469.90 + $5,371.86+ $880.63 = $6,722.39).

[p]laintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]" (alteration in original))).

Therefore, the Undersigned finds that Plaintiff is entitled to recover **$402.00** in costs.

### III. Conclusion

In sum, the Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiff's Motion. The Court should award Plaintiff **$6,722.39** in attorneys' fees and **$402.00** in costs, contingent upon a determination by Defendant that Plaintiff owes no qualifying preexisting debt(s) to the Government.

### IV. Objections

The parties will have five (5) days[6] from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within five (5) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests

---

[6] The Undersigned is shortening the number of days because it is not likely that Defendant will file objections based on Plaintiff's representation and lack of response filed.

of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 2, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Robert N. Scola Jr.
All Counsel of Record